# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLOYD M. MINKS,**

                **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1894-Orl-31KRS**

**POLARIS INDUSTRIES, INC.,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL RESPONSES TO FLOYD M. MINKS' REQUEST TO PRODUCE TO POLARIS INDUSTRIES, INC. (Doc. No. 30)**
>
> **FILED:**    **July 7, 2006**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**    **MOTION TO COMPEL ANSWERS TO INTERROGATORIES (Doc. No. 31)**
>
> **FILED:**    **July 7, 2006**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The present motions, originally filed on July 7, 2006, were reinstated by the Court on July 13, 2006. Under the Case Management and Scheduling Order in this case, responses to motions are due

eleven days after filing plus three days for mailing. Doc. No. 13 at 5 & n.1. The time for responding to the motions has passed, both as to the date originally filed and as to the date that the motions were reopened. As of the writing of this Order, Defendant Polaris Industries, Inc. (Polaris) had not responded to either motion. Accordingly, I treat both motions as unopposed.

All of Polaris' objections to the interrogatories that are the subject of the motion to compel, other than privilege and protection, are unavailing because Polaris failed to provide legal and factual support for its objections in response to the motion to compel. Furthermore, Polaris failed to establish in response to the motion the prerequisites necessary to rely upon business records rather than answering the interrogatories directly. *See* Fed. R. Civ. P. 33(d). Therefore, it is **ORDERED** that, on or before August 4, 2006, Polaris shall serve sworn supplemental answers to interrogatories number 3, 4, 5, 6, 7, 8, and 12 served on him by Plaintiff Floyd Minks, which answers may not cite to information contained in business records and may not assert objections to the substance or form of the interrogatories. To the extent that Polaris asserted in its response to the interrogatories that any of the information sought in these interrogatories is privileged or legally protected, it is further **ORDERED** that, on or before August 4, 2006, Polaris shall serve on counsel for Minks a privilege log setting forth each item of information withheld based on a claim of privilege or protection.

Similarly, Polaris' objections to Minks' request for production of documents, other than privileges and protections, are unavailing because Polaris did not support the objections with facts or law in response to the motion to compel. Therefore, it is **ORDERED** that, on or before August 4, 2006, Polaris shall produce for inspection and copying all documents within its possession, custody or control that are responsive to Minks' requests for production of documents number 1, 2, 3, 4, 5, 10,

15, 19, 20, 23, 24, 25, 26, 27, 29, 30, and 34.  To the extent that Polaris asserted that all or portions of the responsive documents are privilege or protected, it is further **ORDERED** that Polaris shall serve a privilege log on counsel for Minks, on or before August 4, 2006, listing each document or portion thereof withheld based on a claim of privilege or protection.

Any privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection, by date, speaker or author, recipients who heard or received copies of the information or document (including recipients of copies), specific privilege or protection claimed, and it shall describe the subject matter of each document or item of withheld information in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.  Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).  The privilege log should be sufficient on its face to establish a *prima facie* basis to support the assertion of each claimed privilege or protection.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties