# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLOYD M. MINKS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1894-Orl-31KRS**

**POLARIS INDUSTRIES, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT POLARIS' MOTION TO COMPEL DISCOVERY OF MINKS (Doc. No. 32)**
>
> **FILED:** July 8, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant Polaris Industries, Inc. (Polaris) seeks an order compelling Plaintiff Floyd M. Minks to provide full and complete responses to certain interrogatories and to produce documents responsive to a request for production of documents served on him by Polaris. The motion was reopened by the Court on July 24, 2006. A response to the motion was due no later than August 7, 2006. No response to the motion had been filed as of the writing of this order. Therefore, I consider the motion to be unopposed.

All of Minks's objections to the interrogatories that are the subject of the motion to compel, other than privilege and protection, are unavailing because Minks failed to provide legal and factual support for its objections in response to the motion to compel.  Furthermore, Minks failed to establish in response to the motion the prerequisites necessary to rely upon business records rather than providing the information called for in the interrogatories.  *See* Fed. R. Civ. P. 33(d).  Therefore, it is **ORDERED** that, on or before August 28, 2006, Minks shall serve sworn supplemental answers to interrogatories number 1, 2, 3, 4, 5, 6, 11, 13, and 14-17  served on him by Polaris, which answers may not cite to information contained in business records and may not assert objections to the substance or form of the interrogatories.

Similarly, Minks's objections to Polaris's request for production of documents, other than privileges and protections, are unavailing because Polaris did not support the objections with facts or law in response to the motion to compel. Therefore, it is **ORDERED** that, on or before August 28, 2006, Minks shall produce for inspection and copying all documents within its possession, custody or control or in the possession, custody or control of Minks Engineering or Minks Electronics that are responsive to Polaris's requests for production of documents number 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 64, 65, 66, 67, and 69.  To the extent that Polaris asserted that all or portions of the responsive documents are privilege or protected, it is further **ORDERED** that Polaris shall serve a privilege log on counsel for Minks, on or before August 28, 2006, listing each document or portion thereof withheld based on a claim of privilege or protection.

Any privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection, by date, speaker or author, recipients who heard or received copies

of the information or document (including recipients of copies), specific privilege or protection claimed, and it shall describe the subject matter of each document or item of withheld information in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.  Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).  The privilege log should be sufficient on its face to establish a *prima facie* basis to support the assertion of each claimed privilege or protection.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties