**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLOYD M. MINKS,**

                **Plaintiff,**

**-vs-**                                  **Case No. 6:05-cv-1894-Orl-31KRS**

**POLARIS INDUSTRIES, INC.,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION UNDER RULE 56 FOR SUMMARY JUDGMENT ON INVENTORSHIP (Doc. No. 40)** |
| **FILED:** | **August 1, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Plaintiff, Floyd M. Minks ("Minks"), is the only person named on United States Patent No. 4,664,080 (the '080 Patent). The Defendant, Polaris Industries, Inc. ("Polaris") contends that one of its employees, David Thompson ("Thompson"), contributed to the invention and should have been named as a co-inventor, and that the failure to do so renders the patent unenforceable.

Minks submits that Thompson testified that his proposed reverse speed limiter involved a ground speed monitor, rather than the engine speed monitor utilized in the claim 2 of the '080 Patent. Minks also argues that Thompson is unable to produce any evidence to corroborate his

contention that he was a co-inventor, and that the evidence shows that Thompson and Polaris long ago abandoned any such contention.  However Polaris has produced evidence that it was doing reverse speed safety testing of its ATVs prior to Minks' application for a patent, and that those tests examined engine RPMs as well as ground speed.  Polaris also points to evidence that Thompson may have had a hand in other elements of the '080 Patent aside from the engine-speed monitoring circuit, such as a vehicle transmission switch that provides an input to determine when the vehicle has been shifted into reverse.  Finally, Polaris also contends that additional corroborating evidence of Thompson's status as co-inventor – specifically, Thompson's file relating to his design and development of a reverse speed limiter – was lost due to Minks' delay in bringing this suit.

Because of the presumption that the inventor named on an issued patent is the correct inventor, misjoinder of an inventor must be proven by clear and convincing evidence.  *See Fina Oil and Chemical Co. v. Ewen*, 123 F.3d 1466, 1472 (Fed. Cir. 1997).  However, patent law sets no "explicit lower limit on the quantum or quality of inventive contribution required for a person to qualify as a joint inventor." *Id.* at 1473.  "The determination of whether a person is a joint inventor is fact specific, and no bright-line standard will suffice in every case." *Id.*  Because of the existence of disputed issues of material fact, and particularly because of the laches issue, the motion must be **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 12, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE