## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**FLOYD M. MINKS,**

              **Plaintiff,**

**-vs-**                                **Case No.  6:05-cv-1894-Orl-31KRS**

**POLARIS INDUSTRIES, INC.,**

              **Defendant.**

_____

## ORDER

This matter comes before the Court on the Plaintiff's motions for enhanced damages (Doc. 149) and attorney's fees (Doc. 150).  In resolving these motions, the Court has also considered the responses (Doc. 151, 152) filed by the Defendant, and the reply (Doc. 161) filed by the Plaintiff.

Upon a finding of infringement, 35 U.S.C. § 284 requires the court to award "damages adequate to compensate for the infringement."  The same section gives the court discretion to increase the damages up to three times the amount found or assessed.  In *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), the Federal Circuit Court of Appeals identified nine factors which a district court may take into consideration in deciding whether to grant enhancement of damages and in determining the amount thereof: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) the closeness of the case; (6) the duration of the

defendant's misconduct; (7) remedial action by the defendant; (8) the defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct.

Under 35 U.S.C. § 285, the court may award reasonable attorney's fees to the prevailing party in an "exceptional case." In determining whether to award fees, the court should look to the totality of the circumstances, *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346-47 (Fed. Cir. 2000), and may consider the nine factors outlined in *Read Corp.*

In the instant case, the jury found that the Defendant, Polaris Industries, Inc. ("Polaris"), had willfully infringed the patent of the Plaintiff, Floyd M. Minks ("Minks") and that Minks had been damaged in the amount of $1,294,620.91. This finding permits the Court to award attorney's fees and enhanced damages to Minks. It also undermines much of the Defendant's response to the motions, as Polaris spends a significant chunk of those documents arguing against the jury verdict. Although those arguments remain available to Polaris in a Rule 50 context, for present purposes the Court must assume that the jury got it right.

After considering the *Read Corp.* factors, the Court concludes that Minks is entitled to both enhanced damages and a reasonable attorney's fee. If one assumes that the jury verdict is valid, then it is fairly clear that the copying was deliberate and the case was not close. Although several warning flags were raised (by Surepower and Minks) early on, Polaris waited until it had actually been accused of infringement before investigating the issue. Several of the defenses Polaris maintained did not bear serious scrutiny, particularly its contention that laches barred Minks' claim because he did not assume, from the very first day that Polaris switched to another vendor,

that Polaris was lying to him and infringing on his patent.[1]  The Defendant's half-truths regarding the operation of its reverse speed limiters are the functional equivalent of active concealment. And Polaris is of a size and financial condition such that it can afford to fully answer for its conduct and make Minks whole.

Although the Court finds much to disagree with in regard to the Defendant's conduct, it does not rise (or sink) to the lowest level.  For example, it does not appear that Polaris acted  out of any particular desire to sabotage Minks' business.  Considering all of the facts and circumstances[2], the Court concludes that the jury's damages award to Minks should be doubled.  In addition, as noted above, the Court concludes that Minks is entitled to a reasonable attorney's fee.

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Plaintiff's Motion for Enhanced Damages (Doc. 149) is **GRANTED**.  The clerk is directed to enter judgment in favor of the Plaintiff in the amount of $2,589,241.82.  The Court reserves jurisdiction to award costs.  And it is further

---

[1]If anything, laches might have barred Polaris's inventorship defense, which – if it ever had any merit – was abandoned shortly after the patent issued.

[2]To the extent that any of the *Read Corp.* factors are not addressed in the preceding, the Court finds that they do not affect the issues of enhanced damages or attorney's fees in this case.

**ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 150) is **GRANTED**.

Plaintiff shall file his application for fees, along with supporting documentation, not more than 30 days after the entry of this order.  The Defendant shall file its response to the application not more than 20 days after Plaintiff's filing.  Any party desiring a hearing on the fee amount should request it in its papers.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 14, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-4-