# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLOYD M. MINKS,**

                **Plaintiff,**

-vs-                                                  **Case No. 6:05-cv-1894-Orl-31KRS**

**POLARIS INDUSTRIES, INC.,**

                **Defendant.**

_____

# ORDER

      This matter comes before the Court on Plaintiff's Application for Attorney's Fees (Doc. 175) and Costs (Doc. 155), and Defendant's Objections thereto (Doc. 162, 183).[1]  By Order dated March 14, 2007, the Court held that Plaintiff was entitled to fees as the prevailing party, pursuant to 35 U.S.C. § 285 (Doc. 163).  Subsequent to that Order, the Court granted Defendant's Motion for Reduction in Damages or Remittitur (Doc. 171) and reduced Defendant's compensatory damage award from the $1,294,620.91 that had been awarded by the jury to $27,904.80.  (Doc. 178).  An Amended Judgment was entered on May 23, 2007.  (Doc. 179).

      Plaintiff seeks attorney's fees of $253,427.50.  (Doc. 175 at 2).  The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the discretion of the district court. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983).  Defendant does not object to the hourly rates charged by Plaintiff's

---

[1] After reviewing Plaintiff's Amended Bill of Costs (Doc. 155-2) and Defendant's objections (Doc. 162), the Court is satisfied that the items therein satisfy the requirements of 28 U.S.C. § 1920. Accordingly, the Court awards the entire $6,559.78 sought by Plaintiff.

counsel, but it does object to several categories of time charged to the file, as well as the time charged for paralegal services. Defendant also contends that Plaintiff's unreasonable assessment of damages greatly inflated the amount of attorney's fees incurred in this case, and the fee request should be reduced accordingly.

**Particular objections**

Defendant argues that $19,274.50 in fees claimed by the Plaintiff for the work of paralegals and some work of attorney Christopher Hill is clerical in nature and therefore unrecoverable as overhead. (Doc. 183 at 4-5). The Court disagrees. The efficient and effective presentation of evidence in a federal trial requires the assistance of skilled paralegals. Contrary to Defendant's characterization, the time involved here is not merely clerical in nature. Accordingly, Defendant's objection in this regard is overruled.

Second, it appears that the Plaintiff has inadvertently sought an award of $495 for certain activities not incurred in this case. (Doc. 183 at 6-7). Defendant's objection as to this point will be granted, and $495.00 will be deducted from Plaintiff's claim. Also, the Court agrees that $630 expended in connection with an untimely expert report (Doc. 183 at 7-8) should be deducted, as well as $6,169.50 spent by Plaintiff fruitlessly seeking reconsideration of the Court's *Markman* Order (Doc. 183 at 8-9). Moreover, the 60 hours of "estimated" time spent responding to post-trial motions (Doc. 183 at 2-3) is unsupported and the Court will accordingly deduct $11,500 from the amount sought by the Plaintiff.

**Reasonableness**

The most significant issue raised by Defendant is the effect of Plaintiff's damages theory on the amount of time required to reach a conclusion in this case. There are two aspects to this

issue: (1) the time "wasted" by Plaintiff's effort to establish totally unsupportable damages claims, and (2) the likelihood that this case would have settled early on if Plaintiff's damages claim had been remotely reasonable. As the Defendant notes, the Plaintiff's damages claim was a particular focus in this case; the patent at issue had expired before the complaint was filed, making Plaintiff's damages claim the sole relief sought for the infringement.

As detailed in the order (Doc. 178) granting Defendant's Motion for Reduction in Damages or Remittitur, Plaintiff's damages "theory" was economic nonsense. Yet, despite repeated admonitions from the Court, Plaintiff stuck with it throughout this case. Unquestionably, a great deal of time during trial was wasted by Plaintiff attempting to evade the basic laws of economics and common sense. Moreover, had Plaintiff made even a remotely reasonable assessment of the economic loss caused by the infringement, this case would likely have settled at an early stage of the litigation. Accordingly, the Court finds that a substantial portion of the attorney's fees expended in this case were unreasonably incurred, particularly when compared to the size of the damages award that was actually supported by the record.

It is not possible to separate out the attorney's fees that were unnecessarily incurred as a result of this fantastic damages demand. Recognizing this, Defendant contends that Plaintiff's claim should be discounted by 50 percent to arrive at a reasonable fee. *See PODS, Inc. v. Porta Stor Inc.,* 2006 WL 2473627, at *2 (M.D. Fla., August 25, 2006) (applying percentage reductions where court could not sort out specific fees that had been incurred unnecessarily). In the Court's opinion, that is a generous assessment by the Defendant. However, the Court will follow it.

Accordingly, the Court computes a reasonable fee as follows:

| | |
|---|---|
| Plaintiff's Fee Claim | $253,427.50 |
| Estimated Time | (11,500.00) |
| Unrelated Entries | ( 495.00) |
| Expert Reports | ( 630.00) |
| *Markman* Briefs | ( 6,169.50) |
| Subtotal | $234,633.00 |
| x | .5 |
| Total Fee Award | $117,316.50 |

It is, therefore, **ORDERED** that Plaintiff's Application for Fees and Costs is **GRANTED IN PART**. The Clerk is directed to amend the Final Judgment to include attorney's fees of $117,316.50 and costs in the amount of $6,559.78.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 14, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party