**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLOYD M. MINKS,**

        **Plaintiff,**

-vs-                                                  Case No. 6:05-cv-1894-Orl-31KRS

**POLARIS INDUSTRIES, INC.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Rehearing and Reconsideration (Doc. 180) filed by the Plaintiff, Floyd M. Minks ("Minks"), and the response (Doc. 186) filed by the Defendant, Polaris Industries, Inc. ("Polaris"). Minks seeks reconsideration pursuant to Rule 59(e) of this Court's order (Doc. 178) reducing his damages award, as well as the resulting amended judgment (Doc. 179).

**I.    Background**

On January 22, 2007, after a four-day trial, a jury found that Polaris had infringed on claim 2 of Minks' U.S. Patent No. 4,664,080 (the "'080 Patent"). (Doc. 147 at 1). The jury determined that $1,294,620.91 would constitute a "reasonable royalty for the total production, use, or sale of the invention described in claim 2 of the '080 Patent" during the period infringement occurred. (Doc. 147 at 4). On March 14, 2007, the Court determined that the jury's findings justified a doubling of the damages award under 35 U.S.C. § 285. (Doc. 163). On May 22, 2007, the Court granted Polaris' motion for reduction of damages or remittitur, finding that, at most, "the legally

competent evidence in the record supported a jury award ... of $27,904.80". (Doc. 178 at 12). The Court reduced the damages award to that amount and directed the Clerk to enter an amended judgment in the amount of $55,809,60 (due to the doubling under 35 U.S.C. § 285).

**II. Legal Standards**

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[1] The decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (citing, *inter alia*, *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y. 1996).

**III.   Analysis**

Minks never presented a plausible damages theory. Other than the 4 percent royalty rate between Minks and his company (which Minks disavows as not arm's length), Minks simply

tossed out various numbers in different contexts, without any effort to relate those numbers to the calculation of a reasonable royalty. While determination of a reasonable royalty may be theoretical, it must at least be rational and based in evidence, not mere speculation. Here, aside from the royalty Minks actually received from his company, there was no evidence from which one could make a rational decision as to what a reasonable royalty would be.

Minks has failed to show that the Court's reduction of his damages award was improper. He points to no new evidence or change in controlling law, and the arguments that he raises were made or were available during the pendency of Polaris' motion. The Plaintiff's damages case was not devoid of financial information. Many different numbers were presented in different contexts. But Plaintiff made no effort to provide a nexus between those numbers and a reasonable royalty. The only credible evidence of a reasonable royalty was the royalty actually paid to Minks for the use of his patented technology. Based on the evidence presented, that was the maximum royalty to which the Plaintiff was constitutionally entitled. In consideration of the foregoing, it is hereby **ORDERED** that the Motion for Reconsideration (Doc. 180) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 29, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party